GEORGE E. JONES ET AL. *v.* NEW HAVEN
REDEVELOPMENT AGENCY

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 88832

Memorandum filed October 29, 1958

*Goldstein & Peck,* of Bridgeport, for George E. Jones.

*Ralph S. Kantrowitz,* of Bridgeport, for Marshall's, Inc.

BOGDANSKI, J. The plaintiffs herein have appealed from the condemnation and award as filed by the defendant with respect to property in New Haven. Subsequently, plaintiffs made an application for payment of the award deposited in court and have attached to their application a stipulation signed by all persons having an interest in the premises and in such deposit with the exception of the lessee, Marshall's, Inc., who has been summoned into court on a rule to show cause why the award should not be disbursed as set forth in the stipulation.

It is plaintiffs' contention that said Marshall's, Inc., has no present interest in the premises nor in said deposit, by reason of paragraph 36 of the lease between the parties, which paragraph reads as follows: "(36) That if the demised premises, or any part thereof, shall be taken by virtue of eminent domain or for any public or quasi-public improvement, this lease shall, at the option of the landlord, expire ten days after notice to the tenant; and in the event of the exercise of such option by the landlord, the tenant shall pay the rent pro rata up to the time of the expiration of this lease, and thereafter neither party hereto shall have any claim against the other by reason of such termination, and any and all warranties for such taking shall be made to the land-

lord." It is conceded that the plaintiffs have given the lessee due notice of their exercise of the option to terminate the lease.

The lessee contends that the said condemnation clause does not completely terminate and extinguish all its rights under the lease; that courts have held that such clauses, to be effective, must with clarity and particularity define the rights of the parties; that in the case at bar the condemnation clause did not spell out all the rights to be extinguished on an appropriation of the property; that the lease in question gives the lessee the right to remove upon termination of the lease movable furniture and trade fixtures; that even though rights for the value of the leasehold might be lost because of the condemnation clause, the right to recover from the landlord for the loss with respect to trade fixtures remains with the lessee if the lease gives him the right to remove the same, and that the determination of what is a trade fixture is for the court to make and is not governed by the agreement of the parties.

The issue then is whether under the circumstances of this case any rights remain with the lessee herein to the sum deposited by the taking authority. The value of these rights, if any, are not under consideration at this time.

At the hearing it was submitted that there are trade fixtures involved in this particular transaction and no evidence had been offered to the contrary. That being the case, and subject to required proof, it is conceivable that the said trade fixtures of the named lessee could have been annexed to the land, and though the personal property of the lessee as between itself and the landlord, nevertheless they could constitute "improvements" to the land, within the meaning of the statute, at least so long as they could be used in connection with the land. At the

time of the appropriation of the land, the improvements could have still been annexed to the land and could have been used by the lessee in connection with the land. By force of the statute, the lessee's rights under the lease ceased when the taking authority took title to the land; by agreement of the parties (paragraph 36 of the lease), the lessee's right to compensation for the value of the leasehold did not survive the taking. However, that agreement would not operate to change the nature of the annexations, if any there be, or the title of the lessee to the annexations. So long as they were not severed, the annexations could be used in connection with the real property, could have enhanced the value of the real property and could have been part of the real property taken by the taking authority. The authority appropriated the real property in the condition in which it was at the time the authority took title, and at that time the alleged fixtures could have been part of the real property and could have enhanced its value. *Matter of City of New York (Allen St.)*, 256 N.Y. 236, 248. The physical condition of the property is not altered by the circumstance that title to the alleged annexations may be in the lessee while title to the land is in the landlord, nor would such division of title affect the value of the whole. The taking itself destroys all outstanding titles and renders severance impossible except by the will of the taker. The taking authority must pay the value of what it takes. To the extent that the value of the real property as a whole may be enhanced by the alleged fixtures annexed thereto, the value of the fixtures must be included in what the taking authority pays, and the lessee may be entitled to part of the award, not because the alleged fixtures would add to the value of the leasehold, but because they would belong to the lessee and their value would enter into the value of what the taking authority has taken. *Matter of City of New York (Allen St.)*, supra, 249.

Accordingly, it is concluded that the court cannot rule as a matter of law that all of the rights of the lessee herein have been extinguished by operation of paragraph 36 of the lease.